UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62673-CV-COHN

CLUB CARIBE CONDOMINIUM,
ASSOCIATION, INC.

      Plaintiff,

vs.

TRAVELERS EXCESS AND SURPLUS
LINES COMPANY,

      Defendant.
_____/

**ORDER GRANTING MOTION TO DISMISS AND LEAVE TO AMEND**
**ORDER ALLOWING FOR LIMITED DISCOVERY**

**THIS CAUSE** is before the Court upon Defendant's Motion to Dismiss [DE 5], Plaintiff's Response in Opposition [DE 19], and Defendant's Reply [DE 28]. The Court has carefully considered the motion, response and reply, has heard the argument of counsel at today's hearing, and is otherwise fully advised in the premises.

**I. BACKGROUND**

Club Caribe Condominium Association, Inc. ("Plaintiff" or "Club Caribe") filed this action in state court on October 21, 2010, against its property insurer, Travelers Excess and Surplus Lines Company ("Defendant" or "Travelers"), for breach of an insurance contract (Count I), for a declaratory judgment that the insurance contract is valid and enforceable (Count II), and to compel an appraisal on damages (Count III). First Amended Complaint [DE 1-1] (hereinafter, "FAC"). The action was served on Defendant over one year later on November 23, 2011. Travelers timely removed this action to federal court and moved to dismiss the action as time-barred under New Jersey law allowing a two year contractual statute of limitations provision.

Plaintiff, a condominium association in Florida, alleges in its complaint that its

predecessor in interest obtained a commercial property insurance policy from Defendant on May 1, 2005.  FAC ¶ 9.  On or about October 24, 2005, the property suffered "extensive physical damage as a result of Hurricane Wilma," a peril covered under the policy.  Id., ¶ 13.  Plaintiff alleges that on or about October 27 or 31, 2005, its predecessor provided "proper and timely notice to Defendant of the subject loss and that damage was sustained to the Property as a result of Hurricane Wilma."  Id., ¶ 14.[1]

Plaintiff further alleges that Defendant opened a claim on January 14, 2010 with regard to the subject loss and never inspected the damage before that date.  Id., ¶¶ 18-19.  Plaintiff alleges that it has provided "copious information and documentation demonstrating proof of the covered loss(es) to Defendant," and has repeatedly requested payment of the insurance proceeds.  Id., ¶¶ 42-43.  Plaintiff claims Defendant breached the contract by failing or refusing to fully adjust the claim within the time contemplated by the policy, and by denying coverage for the losses.  Id., ¶¶ 49-50.

The insurance policy itself is attached to the complaint.[2]  The policy states that no one may bring a legal action against Travelers unless it is filed "within 2 years after the date on which the direct physical loss or damage occurred."  Exhibit F to FAC [DE 1-2 at p. 8].  The policy lists the insured as "Garden Homes Management" with a New Jersey address, an insurance broker with a New Jersey address, and is stamped "This

---

[1] Plaintiff describes the series of transactions that form the basis of its claim to the insurance proceeds under the policy.  FAC, ¶¶ 10-12, 15-17, 20-22.  These factual allegations are not in dispute for the purpose of ruling on the motion to dismiss.

[2] The Court may consider documents referred to by a plaintiff in a complaint which are central to the plaintiff's claim and undisputed as to authenticity for purposes of a motion to dismiss without conversion of the motion to dismiss into a motion for summary judgment.  SFM Holdings, Ltd. v. Banc of America Securities, LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Maxcess, Inc. v. Lucent Technologies, Inc., 433 F.3d 1337, 1340, n.3 (11th Cir. 2005).

Insurance Is Issued Pursuant to the New Jersey Surplus Lines Law."  Id. [DE 1-1 at p. 131-133].[3]  In addition, the policy contains a "Sole Agent Provision" stating that Garden Homes Management "shall act on behalf of all insureds with respect to the giving and receiving of notice of cancellation or nonrenewal, the payment of premiums and the receiving of return premiums, and accepting of any endorsement issued to form a part of this policy."  Id. at 158.  Perhaps most importantly, the policy not only covered Plaintiff's condominium complex in Florida, but also dozens of other apartment and condominium complexes in New Jersey, Pennsylvania, New York, Connecticut, Maryland, California and Florida.  Id. [DE 1-2 at pp. 57-78].

## II. DISCUSSION

Defendant has moved to dismiss for failure to state a claim because this action is time barred under New Jersey law.  Plaintiff opposes the motion, asserting that Florida law must apply, and Florida's five year statute of limitations for breach of insurance contract actions controls this case.[4]  On the choice of law issue, Defendant urges the Court to apply the regular *lex loci contractus* test, while Plaintiff seeks the Court to use the significant relationships test.

### A.  Motion to Dismiss Standard

Pursuant to the United States Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), to survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative

---

[3]  Travelers is listed as having a Connecticut address.  Id. [DE 1-1 at p. 133].

[4]  Plaintiff also contends that the motion should be denied under New Jersey law because of disputed issues of fact regarding notice of the claim to Defendant.

3

level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court further stated that a court need not accept legal conclusions as true, but only well-pleaded factual allegations are entitled to an assumption of truth.

### B. Choice of Law -- Lex Loci Contractus

"In determining which law applies, a federal district court sitting in diversity must apply the choice of law rules of the forum state." Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc., 92 F.3d 1110, 1115 (11th Cir. 1996); Klaxon Co. v. Stentor Electrical Manufacturing Co., 313 U.S. 487, 496 (1941). Florida generally applies the rule of *lex loci contractus* in determining what law applies in contract claims. State Farm Mutual Automobile Ins. Co. v. Roach, 945 So.2d 1160, 1163 (Fla. 2006). Defendant urges the Court to follow the traditional rule and apply New Jersey law, while Plaintiff contends that Florida law has been migrating to the use of the significant relationship test and limiting the rule of *lex loci contractus* to insurance contracts involving mobile risks.

In Roach, the Florida Supreme Court stated that it considered and rejected the

significant relationships test for contracts in Sturiano v. Brooks, 523 So.2d 1126, 1128-29 (Fla. 1988). Roach, 945 So. 2d at 1163. Rather, the court reaffirmed that *lex loci contractus* controls. As applied to insurance contracts, "the law of the jurisdiction where the contract was executed governs the rights and liabilities of the parties in determining an issue of insurance coverage." Id. The court concluded that to "abandon this principle and permit a party to change or modify contract terms by moving to another state would unnecessarily disrupt the stability of contract." Id. at 1164. The court went on to discuss a narrow public policy exception to the rule containing three requirements: 1) a Florida citizen in need of protection; 2) to enforce some paramount rule of public policy; and 3) the insurer must be on reasonable notice that the insured is a Florida citizen. Id. at 1165.

Both Roach and Sturiano involved insurance for automobiles, a mobile risk. In fact, the Sturiano decision expressly limited its decision to automobile policies. 523 So. 2d 1126, 1130. Both decisions explained the requirement of notice to an insurer that the insured had permanently moved to Florida. Plaintiff contends that these decisions do not apply to an insurance policy for a stationary risk, i.e. real property. In addition, Plaintiff distinguished Roach and Sturiano by noting that the Defendant insurer in this action was clearly on notice that the insured property was located in Florida.

Instead, Plaintiff relies upon two pre-Roach decisions by the United States Court of Appeals for the Eleventh Circuit, LaFarge v. Travelers Indem. Co., 118 F.3d 1511 (11th Cir. 1997) and Shapiro v. Associated International Insurance Co., 899 F.2d 1116 (11th Cir. 1990). Shapiro involved similar facts to the case at bar, in that the property insurance policy at issue covered multiple properties in various states. The Eleventh Circuit held that it believed that the Florida Supreme Court would no longer follow *lex*

5

*loci contractus* and instead would use the significant relationship test for insurance contracts for real property.  899 F.2d at 1118-21.  In Lafarge, the Court concluded that it was bound by Shapiro, but even if it was not, it found its reasoning persuasive.  118 F.3d at 1515-1516.

In deciding the current state of Florida choice of law rules, the Court is left to choose between two Eleventh Circuit decisions almost directly on point with the property insurance facts in this case that predate by nine and sixteen years Florida Supreme Court decisions regarding automobile insurance that reject the prediction made by the Eleventh Circuit as to where Florida law is headed regarding choice of law rules.  In reply, Defendant points out that nearly all United States District Court decisions after Roach do not follow the Eleventh Circuit reasoning.  Defendant's Reply at pp. 2-3.  For example, in CNL Hotels & Resorts, Inc. v. Houston Cas. Co., 505 F.Supp.2d 1317, 1320 n.4 (M.D. Fla. 2007) (directors and officers insurance policy), the Court stated that because Florida continued to adhere to *lex loci contractus* in Roach, the admitted "educated guess" by the Shapiro court may no longer be viable.  However, the CNL court noted that Shapiro involved a "comprehensive multiple risk policy covering insureds in numerous locations," a fact relevant to the case at bar but not relevant to the CNL decision.  Id.  In a property insurance matter concerning Chinese dry-wall claims, a court in the Southern District of Florida concluded that following Roach, *lex loci contractus* must be applied, despite the prior Eleventh Circuit opinions.  Am. Home Assur. Co. v. Peninsula II Developers, 2010 U.S. Dist. Lexis 113588, *16 (S.D. Fla. 2011).  In National Union Fire Ins. Co. of Pittsburgh, PA v. Beta Const. LLC, – F. Supp. 2d —, 2011 WL 4055428, *1, *3 (M.D. Fla. 2011), a commercial liability policy case, the district court determined that "Florida unequivocally follows the rule of

*lex loci contractus* in deciding which state law to apply to interpret insurance contracts," but did not decide the substantive motion because of an "incomplete factual record pertaining to the particular steps taken and required in the procurement and finalization of the insurance policies."

Plaintiff relies on Scratch Golf, LLC v. Lexington Ins. Co., 2009 WL 1287963, *2 (S.D. Fla. 2009), a commercial liability case in which the court held that it was bound to follow the Eleventh Circuit decisions in Lafarge and Shapiro, though it recognized that the Eleventh Circuit may soon reverse itself based upon Roach. In 2008, the Eleventh Circuit certified the question of whether the *lex loci contractus* doctrine applies to a dispute over coverage of an insurance policy for contractor operations in Florida, but the parties settled the matter before the Florida Supreme Court ruled. U.S. Fid & Guar. Co. v. Liberty Surplus Ins. Corp., 550 F.3d 1031, 1035 (11th Cir. 2008).

Plaintiff also argues that if the Court decides that *lex loci contractus* controls, then the allegations of the Complaint are not sufficiently developed to allow the Court to conclude that New Jersey law applies, as it has not been established where the contract was executed or where the policies were delivered as between Florida, New Jersey or Texas (the insurance certificate contains a Texas address for the mortgagee, an additional insured). Defendant contends that a court can dismiss an action when the face of the policy shows the place of delivery and refers to another state's law. Defendant argues that Plaintiff is relying upon addresses located only on the certificate of insurance, and not on the policy itself.

Upon a review of the case law, this Court concludes that pursuant to Roach, Florida law as it exists today applies *lex loci contractus* to property insurance contracts. In opposing dismissal of this action, Plaintiff contends that the factual record is

7

incomplete as to the particular steps taken and required in the procurement and finalization of the insurance policies. This contention is accurate. However, the absence of allegations in the FAC regarding contract formation, as compared with the specific New Jersey addresses on the face of the policy, the "Sole Agent" provision, and the policy notice that New Jersey law applies, leads this Court to conclude that dismissal of the action is appropriate at this time under the two year contractual suit limitation that is allowed under New Jersey law. In the interest of justice, Plaintiff will be afforded an opportunity to file a second amended complaint, wherein it should allege facts to support its contention regarding either *lex loci contractus* factors and/or any equitable estoppel or waiver arguments Plaintiff believes it may retain under New Jersey law.[5] In addition, the Court will allow a brief period of 60 days for discovery of the issues relevant to *lex loci contractus* factors and/or any equitable estoppel or waiver arguments.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1.  Defendant's Motion to Dismiss [DE 5] is hereby **GRANTED**;

2.  The doctrine of *lex loci contractus* will apply;

3.  Plaintiff may file a Second Amended Complaint by March 2, 2012;

---

[5] Plaintiff contends that under New Jersey law, the limitation period is tolled between the time the insured gives notice of the claim and the time the insurer formally denies the claim. Northridge Tenants Corp. v. Certain Underwriters at Lloyd's of London, 2009 WL 1675715, N.J. Super. A.D. (June 17, 2009). Defendant argues in reply that New Jersey law only applies equitable tolling when warranted by acts taken by the insurer in investigating or negotiating the claim. See pp. 8-9 of reply; Peloso v. Hartford Fire Insurance Co., 267 A.2d 498, 501 (N.J. 1970); Zaccardi v. Becker, 440 A.2d 1329, 1334-35 (N.J. 1982). The Court need not interpret New Jersey law until the filing of a second amended complaint and the completion of limited discovery on the relevant facts for the *lex loci contractus* doctrine.

4. Upon filing of the Second Amended Complaint, the parties may conduct limited discovery up until April 17, 2012 on the issues related to *lex loci contractus* and equitable estoppel related to the statute of limitations.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of February, 2012.

JAMES I. COHN
United States District Judge

Copies furnished to:
counsel of record